IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 25-20265-JAD |
| TONYA LEE BROWN, | Chapter 7 |
| Debtor. | Related to ECF No. 95 |
| TONYA LEE BROWN, | |
| Petitioner, | |
| -v- | |
| K & S REAL ESTATE, LLC, & DANIEL KLIEN, | |
| Respondents. | |

### MEMORANDUM OPINION

Pending before the Court is the *Application to Proceed in District Court Without Prepaying Fees or Costs* (the "Application," ECF No. 95) filed by the Debtor in relation to her appeal of this Court's order granting relief from the automatic stay in favor of the above-captioned Respondents (the "Relief From Stay Order," ECF No. 70). For the reasons stated herein, the Court shall enter an order denying the Application.

### I.

By way of background, the Debtor commenced this case under chapter 13 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) on February 3, 2025. See

1

*Voluntary Petition for Individuals Filing for Bankruptcy*, ECF No. 1.[1] On March 24, 2025, the Respondents, K & S Real Estate, LLC and Daniel Klien, filed their *Motion for Relief From Automatic Stay* (the "Relief From Stay Motion," ECF No. 27).

In their Relief From Stay Motion, the Respondents alleged that the Debtor was party to a written lease agreement with Respondents with respect to real property located at 540 Burton Drive, Pittsburgh, Pennsylvania, 15235. See Relief From Stay Motion ¶¶ 2-4. Also, that the Debtor's bankruptcy filing stayed ongoing eviction proceedings instituted against the Debtor for non-payment of rent. See Relief From Stay Motion ¶¶ 5-10.

The Respondents sought relief from stay "to pursue possession based on non-payment of rent for the months of December (2024), January, February, and March (2025), including any further post-bankruptcy filing rents, in the current amount of $6,180.00." Relief From Stay Motion ¶ 11.

Acting pro se, the Debtor filed an objection to the Relief From Stay Motion wherein she did not deny the Respondents' allegations of non-payment of rent or the existence of the lease agreement. See *Objection to Motion for Relief From Automatic Stay*, ECF No. 32. Instead, the Debtor alleged that the Respondents were at fault for not receiving rent payments due to alleged "interfere[nce] with a federal rent assistance program . . . ." Id. Additionally, that the Respondents

---

[1] This case was converted to one under chapter 7 of the Bankruptcy Code on June 4, 2025. *Order Converting Case Under Chapter 13 to Case Under Chapter 7, Setting Deadlines, Scheduling Status Conference, and Terminating Wage Attachment*, ECF No. 71.

2

allegedly failed to comply with a mediation agreement concerning repairs to the property. Id.²

A hearing on the Relief From Stay Motion was held on June 4, 2025, at which the Debtor appeared and was also represented by counsel. Debtor, by and through her counsel, did not contest that rent payments had not been paid since November 2024—which included several post-petition payments. Moreover, when explicitly asked by the Court whether any defenses to the Relief From Stay Motion existed, counsel for the Debtor indicated that there was no "tangible justification for not granting the relief from stay." Audio of June 4, 2025 Hr'g at 10:17:25 AM- 10:17:42 AM (cleaned up).

Citing the lack of defenses to the Relief From Stay Motion, this Court stated on the record that it would grant the motion and on June 4, 2025, entered the Relief From Stay Order in favor of the above-captioned Respondents. That same day, the Debtor, acting pro se, filed a *Notice of Appeal* (ECF No. 76), which was subsequently revised by filing dated June 6, 2025. *Notice of Appeal*, ECF No. 94 (the "Revised Notice of Appeal").

By the Revised Notice of Appeal, the Debtor seeks relief from the June 4, 2025 order "due to failure of the Debtor's attorney to provide a proper defense for Debtor."³

---

² No details of how the Respondents allegedly interfered with rent assistance and/or failed to comply with an alleged mediation agreement were provided beyond the general allegations. Moreover, these allegations were not raised at the hearing on the Relief From Stay Motion held June 4, 2025.

³ On June 9, 2025, a *Request for a Revised Notice of Appeal* was issued by the Clerk of Court citing the failure of the Revised Notice of Appeal to comply with Federal Rule of Bankruptcy Procedure 8003(3).

This Application followed pursuant to which the Debtor seeks to proceed without prepaying fees or costs.

**II.**

Section 1915 of title 28 of the United State Code provides that subject to certain conditions and requirements, ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor . . . ." 28 U.S.C. § 1915(a)(1).

However, such provision is not an avenue for indigent persons to indiscriminately pursue litigation unburdened by the constraints of cost. For instance, section 1915(e)(2) requires the dismissal of a case "at any time" if it is determined that the action or appeal is "frivolous or malicious[,]" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); see also Lepre v. Dep't of Educ. (In re Lepre), Adv. No. 11-02159JAD, 2012 WL 2994018, at *1 (Bankr. W.D. Pa. July 20, 2012).

Similarly, and of particular relevance herein, section 1915(a)(3) instructs that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

As this Court has previously observed:

> Good faith "is established by the presentation of any issue that is not plainly frivolous". *Ellis v. U.S.,* 356 U.S. 674, 674, 78 S.Ct. 974, 975, 2 L.Ed.2d 1060 (1958). For purposes of Section 1915, courts have held that an appeal is frivolous if it "lacks an arguable basis in

---

Pursuant to the *Request for a Revised Notice of Appeal*, the Debtor was afforded seven (7) days to file a revised Notice of Appeal. ECF No. 96. As of the date of issuance, no revision has yet been filed.

> law or fact". *Neitzke* [*v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d. 338 (1989)].

In re Lepre, 2012 WL 2994018, at *1. See also McNeal v. Brouse (In re McNeal), Adv. No. 4:20-00060-MJC, 2024 WL 4296595, at *2 (Bankr. M.D. Pa. Sept. 24, 2024)(quoting In re Lepre)).

Thus, in deciding whether to permit the appeal *in forma pauperis* the operative question is whether the Debtor's appeal is frivolous and therefore, not brought in good faith.

This Court finds that it is frivolous and not brought in good faith

### III.

The Debtor appeals the granting of relief from the automatic stay to the Respondents.

Section 362 of the Bankruptcy Code governs the automatic stay and relief therefrom. Subsection (d)(1) of that section provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

11 U.S.C.A. § 362(d)(1).

The Respondents sought relief from stay due to the Debtor's non-payment of rent. Relief From Stay Motion ¶ 11. "Although 'cause' is not defined by the Bankruptcy Code, courts have held that a debtor's failure to pay rent constitutes 'cause' to lift the automatic stay." In re Benton, 662 B.R. 517, 521 (Bankr. S.D.N.Y. 2024)(citation omitted). See also In re Dorsey, 664 B.R. 244, 252

5

(Bankr. W.D. Tenn. 2024)("A debtor's post-petition failure to comply with the terms of a lease agreement, including failure to pay rent and other assessments, constitutes 'cause' to grant a landlord relief from the automatic stay.")

As discussed above, it is undisputed that the Debtor has failed to remit rent payments to the Respondents since November 2024. This includes a failure to make several post-petition payments.[4] Thus, "cause" existed to warrant relief from stay as contemplated by section 362(d)(1).

Moreover, as conceded by the Debtor's counsel at the June 4, 2025 hearing, the Debtor had no defense to the Relief From Stay Motion:

> The Court: Are there any defenses to the motion Mr. Spyra other than the request for essentially grace from the landlord for more time. You know, I can't compel the landlord in that regard. Nonpayment of rent under caselaw is cause for relief from stay. I mean, is there any defenses?
>
> Debtor's Counsel: I believe the facts are correct that there hasn't been any rent received since last November. I could be mistaken but that's what I believe from discussions with my client. And I informed my client that in the event that the court grants relief from stay, that she and her husband would have ample time to vacate the property and to relocate to another residence. And that may fit in with their budget because over the next three months she's going to have to pay $4,500 just to comply with the monthly requirements under the lease. So, to answer your question Judge I don't believe there are any tangible justification for not granting the relief from stay.

---

[4] Under the terms of the "Residential Lease" attached as part of Exhibit A to the Relief From Stay Motion, rent payments are due on or before the 1st day of each month. ECF No. 27, Exhibit A at ECF pg. 8 § 7(A). Accordingly, as of June 4, 2025, post-petition payments were due and owing for March, April, May, and June 2025.

6

Audio of June 4, 2025 Hr'g at 10:16:02 AM – 10:17:42 AM (cleaned up).

Given that "cause" existed to grant relief from stay due to the Debtor's undisputed failure to make rental payments, including post-petition payments, as well as the concession that the Debtor lacked any defense to the granting of the motion, it is clear that entry of the Relief From Stay Order was warranted and the Debtor's appeal lacks an arguable basis in law or fact.

Accordingly, the issue on appeal is plainly frivolous and the appeal itself is not brought in good faith.[5]

**IV.**

A fair reading of the Debtor's appeal papers is that she is dissatisfied with the quality of her counsel's representation. Parenthetically, the Court notes that counsel provided his representation on a pro bono basis, and the record of that can be found at documents filed at ECF Nos. 52, 54, 67, 81, and 84 on the Court's docket.

The gist of the Debtor's complaint in this regard appears to be that counsel failed to adequately present defenses with respect to the alleged underlying breach of lease claim brought by the movant in the state court eviction action. These defenses, however, have not been abrogated or impaired by the Court granting relief from stay.

---

[5] In finding the Debtor's appeal lacking in good faith, the Court is aware that the Debtor alleges that her counsel failed to "provide a proper defense[.]" However, the Debtor fails to identify any legal or factual argument to support her appeal beyond what this Court infers as her mere dissatisfaction with counsel's representation.

7

The granting of relief from stay under section 362(d) of the Bankruptcy Code is not dispositive or preclusive as to the substantive defenses that the Debtor may have in any landlord-tenant action; this Court's granting of relief from stay did not, and does not purport to, adjudicate the underlying merits of the eviction or bar the Debtor from raising any available defenses in the appropriate non-bankruptcy forum. See, e.g. Malin v. JP Morgan, 860 F.Supp.2d 574, 580-84 (E.D. Tenn. 2012)(following Simon v. JP Morgan Chase Bank (In re Lebbos), 455 B.R. 607 (Bankr. E.D. Mich. 2011) and Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26 (1st Cir. 1994), and holding that relief from stay is narrowly limited and not res judicata or collateral estoppel to the substantive merits of the underlying litigation between the parties).

The automatic stay is not a mechanism to indefinitely forestall enforcement of non-bankruptcy rights, particularly where the Debtor remains in possession of rental property without tendering payment. Bankruptcy does not permit a tenant to remain in a property rent-free while invoking the stay as a shield to avoid the resolution of disputes that properly belong in a non-bankruptcy tribunal.

## V.

Based on the foregoing, this Court finds that the Debtor's appeal of the Relief From Stay Order is not taken in good faith and as such, the Debtor's Application to proceed *in forma pauperis* must be denied under section 1915(a)(3) of title 28 of the United States Code.

8

An order consistent with this *Memorandum Opinion* shall be entered denying the Application.

Dated: June 17, 2025

_____
Jeffery A. Deller
United States Bankruptcy Judge

Case Administrator to Mail to:

Debtor
Philip J Scolieri, Esq.
Crystal H. Thornton-Illar, Chapter 7 Trustee
Office of the United States Trustee

FILED
6/17/25 4:18 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA